UNITED STATES of America

v.

Kasine GEORGE, a/k/a
Casino, Appellant.

No. 08–2315.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
LAR 34.1(a) on Feb. 3, 2009.

Opinion filed June 1, 2009.

Francis P. Sempa, Esq., Office of United
States Attorney, Scranton, PA, for United
States of America.

Frederick W. Ulrich, Esq., Office of
Federal Public Defender, Harrisburg, PA,
for Appellant.

Before: RENDELL, JORDAN and
ROTH, Circuit Judges.

OPINION

ROTH, Circuit Judge:

Kasine George appeals from the District
Court's order denying a motion to reduce
his sentence pursuant to the United States
Sentencing Commission's recent amend-
ment to the Guidelines ranges for crack
cocaine offenses. The District Court had
jurisdiction under 18 U.S.C. §§ 3231 and
3582(c)(2). We have jurisdiction under 28
U.S.C. § 1291. We review the District
Court's decision for an abuse of discretion.
See 18 U.S.C. § 3582(c)(2) ("[I]n the case

of a defendant who has been sentenced . . .
based on a sentencing range that has been
subsequently lowered by the Sentencing
Commission . . . the court *may* reduce the
term of imprisonment . . . if such a reduc-
tion is consistent with applicable policy
statements issued by the Sentencing Com-
mission."); *United States v. Carter*, 500
F.3d 486, 490 (6th Cir.2007) (applying
abuse of discretion review); *United States
v. Brown*, 332 F.3d 1341, 1343 (11th Cir.
2003) (same). We will affirm.

We assume the parties' familiarity with
the facts and the record of prior proceed-
ings, which we describe only as necessary
to explain our decision.

George argues that, in denying his mo-
tion for a reduced sentence, the District
Court erred in considering the nature of
George's offense and his criminal history
because these factors were already taken
into account by the Sentencing Guidelines.
We reject this argument because it con-
flicts with the requirements of the Guide-
lines and the applicable statute. Section
3582(c)(2), the provision permitting a court
to reduce a prisoner's sentence following a
change in the Guidelines, provides that the
court must "consider[ ] the factors set
forth in section 3553(a) to the extent they
are applicable." *See* 18 U.S.C.
§ 3582(c)(2). These factors include "the
nature and circumstances of the offense
and the history and characteristics of the
defendant." *See id.* § 3553(a)(1). Similar-
ly, the application notes to the amended
guidelines instruct a court contemplating a
sentence reduction to consider "the factors
set forth in 18 U.S.C. § 3553(a)," as well as
"the nature and seriousness of the danger
to any person or the community that may
be posed by a reduction in the defendant's
term of imprisonment." *See* U.S.S.G.
§ 1B1.10 n. 1(B). Finally, we note that
George's sentence of 120 months, reduced
from the previously applicable Guidelines

range of 292 to 365 months because of his assistance to the government, is still well below the now applicable Guidelines range of 235 to 292 months.

Accordingly, the District Court's decision was not an abuse of discretion, and we will affirm the District Court's order denying George's motion for a reduced sentence.